

# The Attorney General of Texas

June 12, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Joe Resweber
Harris County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H- 1181

Re: Method of depositing money collected by the county tax assessor-collector in the county depository.

Dear Mr. Resweber:

You have requested our opinion regarding the proper method of depositing money collected by the county tax assessor-collector in the county depository. You suggest that articles 1709 and 1709a, V.T.C.S., which require the county treasurer to "receive all moneys belonging to the county from whatever source they may be derived," appear to be in conflict with article 2549, V.T.C.S., which directs the county tax assessor-collector to

> deposit all taxes collected by him . . . in such [county]
> depository or depositories, as soon as collected,
> pending the preparation of his report of such collection
> and settlement thereon.

Although articles 1709 and 1709a were last amended in 1971, and article 2549 was last amended in 1969, the relevant language in each of them has been in effect for many years. In Attorney General Opinion H-183 (1973), we addressed the question of whether a county tax assessor-collector need "secure a Deposit Warrant in accordance with Article 1657 and daily turn over . . . monies to the County Treasurer." We recognized in that opinion that the assessor-collector has occasion to deposit funds in the county depository prior to transferring such monies to the county treasurer, and we relied largely upon language in Attorney General Opinion M-167 (1967), which had held that a tax assessor-collector is required

> to deposit tax funds in his possession in the county
> depository pending transfer of the funds to the County
> Treasurer.

In our opinion, this conclusion remains valid. Articles 1709 and 1709a do not preclude the assessor-collector from initially depositing daily receipts in the county depository, but merely require that, at some time, the treasurer receive the funds. Likewise, article 2549 does not prohibit transfer of tax monies to the county treasurer in accordance with other statutes, but directs only that the assessor-collector initially deposit all receipts in the county depository. Thus, we believe that the statutes can readily be harmonized on the basis of Attorney General Opinion M-167. Rather than conflict, the statutes complement each other. Accordingly, it is our opinion that the county tax assessor-collector is required to deposit tax funds in his possession in the county depository pending transfer of these funds to the county treasurer.

## SUMMARY

A county tax assessor-collector is required to deposit tax funds in his possession in the county depository pending transfer of such funds to the county treasurer.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn